UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

J. FRANKIE JURKOWSKI and
AARON DONNY-CLARK,

        Plaintiffs,

v.

CITY OF SEATTLE, et al.,

        Defendants.

C15-1155 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' motion to strike, docket no. 101, certain exhibits attached to the Declaration of Harry Williams IV, docket no. 64, is GRANTED in part and DENIED in part, as follows:

    (a) Defendants' motion to strike is GRANTED with respect to Exhibits 63, 112, and 113. Plaintiffs have not explained the relevance of Exhibit 63, which is titled "After-Action Assessment of the Police Response to the August 2014 Demonstrations in Ferguson, Missouri," or how such document would be admissible at trial.[1] With respect to Exhibit 112, which contains an

---

[1] Plaintiffs cite to Exhibit 63 for the proposition that the command at issue in this case to "move back" is indistinguishable from the unwritten "keep moving" policy adopted by law enforcement agencies in Ferguson, Missouri. *See* Plas.' Mot. at 18 (docket no. 63). Exhibit 63, however, does not compare the two scenarios or support plaintiffs' conclusion. Although a practice of requiring peaceful demonstrators to walk (or keep moving), rather than stand still, implicates First Amendment and other constitutional concerns, *see* Abdullah v. Cnty. of St. Louis, Mo., 52 F. Supp. 3d 936 (E.D. Mo. 2014) a situation involving violence, in which police and protestors

MINUTE ORDER - 1

excerpt from a report dated June or July 2000 by the American Civil Liberties Union of Washington ("ACLU-WA"), titled "Out of Control – Seattle's Flawed Response to Protests Against the World Trade Organization," plaintiffs suggest that such evidence would be admissible under Federal Rule of Evidence 803(18) because the Department of Justice relied on the document, citing a letter to former Seattle Mayor Michael McGinn from former United States Attorney Jenny A. Durkan and Assistant Attorney General Thomas E. Perez.  See https://tinyurl.com/y9ycwqgv (cited in Plas.' Reply at 10 (docket no. 102)).  Although on page 5 of such letter reference is made to the handling of the World Trade Organization demonstrations in 1999, the ACLU-WA report is not mentioned.  To the extent plaintiffs offer the ACLU-WA report to show that Seattle Police Department ("SPD") personnel were on notice of the potential for injury from deployed blast balls, they have not presented the requisite proof that SPD personnel received or reviewed the ACLU-WA report, and they have not shown that blast balls were even discussed in the ACLU-WA report.  The ACLU-WA report describes the effects of tear gas canisters, Oleoresin Capsicum ("OC") or pepper spray, and stun or concussion grenades; plaintiffs offer no link between these types of munitions and blast balls.  Exhibit 113 purports to be a series of "tweets" from the Twitter feed of Paige Cornwell, a reporter for the Seattle Times.  Plaintiffs do not indicate how such hearsay is relevant or would be admissible at trial.

(b)     Defendants' motion to strike is otherwise DENIED.  Although Exhibits 24, 38, 45, 53, 59, 60, 75, 79, 85, and 105 would not be admissible in evidence in their current form, the Court treats them as setting forth plaintiffs' counsel's arguments and has considered them in such light.  Exhibits 40, 123, and 125 contain photographs as to which plaintiffs can presumably, through their own or another witness's testimony, lay a foundation for admission into evidence.  Exhibit 55 is a report by SPD Lt. Stephen Hirjak, who would presumably, if called as a witness, testify consistently with its contents.  Exhibit 106, which is a video of plaintiff J. Frankie Jurkowski walking and talking, appears to be offered to indicate the amount of time required to traverse a certain distance, and it has been considered for such purpose.

(2)     Plaintiffs' motion for partial summary judgment, docket no. 63, is DENIED.  Plaintiffs have not shown the requisite absence of any genuine dispute of material fact and have not demonstrated that they are entitled to summary judgment as a matter of law against defendant City of Seattle.  See Fed. R. Civ. P. 56(a).

---

are at risk of being injured, is entirely different and might well justify orders to disperse, keep moving, or "move back."  See White v. Jackson, 2016 WL 8674192 at *26 (E.D. Mo. Sep. 30, 2016) (distinguishing Abdullah).

MINUTE ORDER - 2

(3) Oral argument on defendants' motion for summary judgment, docket no. 66, is hereby SET for Friday, July 28, 2017, at 10:00 a.m.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 12th day of July, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3